IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERRELL LAMAR ROSS**                                                                          **PLAINTIFF**

V.                             CASE NO. 4:19-CV-884-LPR-BD

**TISHA JOHNSON**                                                                                **DEFENDANT**

### RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommended Disposition (Recommendation) has been sent to Judge Lee P. Rudofsky. Mr. Ross may file written objections with the Clerk of Court if he disagrees with the findings or conclusions set out in the Recommendation. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Ross does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

### II.  Discussion

Terrell Lamar Ross was a pretrial detainee at the Dallas County Detention Center (Detention Center) at the time he filed the complaint in this lawsuit. He is proceeding *in forma pauperis* and without the help of a lawyer. (Docket entry #1)

Federal courts are obligated to screen prisoner complaints that demand relief from government employees and to dismiss claims, prior to service of process, that are

frivolous or that fail to state a claim for relief. 28 U.S.C. § 1915A (a) and (b). In screening this complaint, the Court will assume the truth of Mr. Ross's allegations.

After liberally construing the complaint and viewing the allegations in a light most favorable to Mr. Ross, the Court concludes that he has not adequately stated a federal claim for relief. He alleges that the Defendant Tisha Johnson failed to administer prescribed medication and claims that this failure constitutes an unconstitutional denial of medical treatment. It does not.

To state a claim for deliberate indifference to medical needs, Mr. Ross must state facts showing that Defendant Johnson knew that he needed medical attention for a serious condition, yet deliberately disregarded his need.[1] *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Deliberate indifference is a high bar. Negligence—even gross negligence—will not support a claim for deliberate indifference. *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, Mr. Ross complains that on one occasion—the morning of October 10— Defendant Johnson did not dispense an antibiotic that had been prescribed for his teeth. (#1, p.4) Even if the Court assumes that Mr. Ross had a serious medical need (a proposition that the Defendant would likely contest), Ms. Johnson's failure to provide a single dose of antibiotic would amount to negligence, at worst. This conduct cannot

---

[1] Because Mr. Ross was a pretrial detainee at the time of the incident at issue, his claims are analyzed under the fourteenth amendment rather than the eighth amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The same deliberate-indifference standard applies, however, whether claims are considered fourteenth or eighth amendment claims. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

support a claim of deliberate indifference to a serious medical need. *See Zentmyer v. Kendall County, Ill.,* 220 F.3d 805 (8th Cir. 2000) (holding that occasional failure to give detainee prescribed medications was not deliberate indifference); *Dulany v. Carnahan*, 132 F.3d 1234, 1245 (8th Cir. 1997) ("A number of individual and isolated incidences of medical malpractice or negligence do not amount to deliberate indifference").

### III.   Conclusion

The Court recommends that Mr. Ross's claims against Defendant Johnson be DISMISSED, without prejudice, based on his failure to state a federal claim for relief. Furthermore, this dismissal should count as a "strike" for purposes of the Prison Litigation Reform Act.

DATED this 16th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE